The opinion of the Court was afterwards delivered to the following effect by
Parsons, C. J.
This corporation was created by the statute of 1806, c. 89., which required the holders of the corporate stock to pay fifty per cent, of their subscriptions within sixty days after the first meeting of the company; and that no insurance on any one risk should be made for a larger sum than ten per cent, of the capital stock actually paid in.
The parties applying for this rule have alleged that the corporation have been guilty of malfeasance, in not requiring from the members payment of the fifty per cent, of their subscriptions within the time limited by the statute of incorporation, and also in taking greater risks than are authorized by the terms of their incorporation.
We have not inquired into the truth of these allegations, as we are satisfied that, in this case, such inquiry would be immaterial, because this rule is not moved for in behalf of the. commonwealth, or by its authority.
Informations of this nature are properly grantable for the purpose of inquiring into the election or admission of an officer or member of a corporation, when moved for by any person interested in, or injured by such election or admission, if the same was unduly made.- And * upon such information, if the elec- [ * 232 ] tian or admission was illegal, judgment of a motion might be entered, and a fine m ght also be imposed on the party who had usurped upon the commonwealth.
In this case, the parties applying for the rule do not complain of any illegal election or admission, of any officer or member of the corporatioi , but the object of the application is to obtain a judgment of forfeiture of the franchises of the corporation, and a seizure of them by the commonwealth.
We are well satisfied that a corporation, as well when created by charter under the seal of the commonwealth, as by a statute of the legislature, may by nonfeaéance or malfeasance forfeit its franchises, and that by judgment on an information, the commonwealth may seize them. And if the allegations stated in the motion for the rule in this case were true, and the commonwealth had caused an infor *176 motion to be filed and prosecuted, for the purpose of seizing the corporate franchises for such malfeasance, judgment for those causes might have been rendered for the commonwealth.
But an information for the purpose of dissolving the corporation, or of seizing its franchises, cannot be prosecuted but by the authority of the commonwealth, to be exercised by the legislature, or by the attorney or solicitor-general, acting under its direction, or ex oficio in its behalf. For the commonwealth may waive any breaches of any condition expressed or implied, on which the corporation was created; and we cannot give judgment for the seizure by the commonwealth, of the franchises of any corporation, unless the commonwealth be a party in interest- to the suit, and thus assenting to the judgment.
This distinction between informations in the nature of a quo warranta, to impeach any election or admission of a corporate officer or member, and informations to dissolve a corporation, is well settled, and upon sound principles of law (1)
(a).

Rule discharged.

 Rex vs. Corporation of Carmarthan, 2 Burr. 869.

 King vs. Ogden & al. 10 B. & 230. See also Tancred on Quo Warranto, 14.