## Case No. 10,069.

### NEALE et al. v. JANNEY.

[2 Cranch, C. C. 188.] [1]

Circuit Court, District of Columbia. Nov. Term, 1819.

BANKS AND BANKING — PRIVATE INSTITUTION — LIEN ON STOCK.

The private banking institution, known by the name of the Union Bank of Alexandria, had not, before it obtained its charter, any specific lien on the stock of its stockholders.

This was a special action upon the case, brought by the plaintiffs [Christopher Neale and others] as assignees of Gerrard Plummer, survivor of the firm of Jerome & Gerrard Plummer, against the defendant [John Janney], as president of the Union Bank of Alexandria, for not transferring to the plaintiff 600 shares of the stock of that bank, which J. and G. Plummer had assigned to him in trust to secure payment of 2,000 dollars loaned to them by the bank, the plaintiffs having tendered that sum in full to the de-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

fendant as president of the bank, who refused to transfer the stock because the Plummers were indebted upon other notes discounted by the bank for their accommodation. The assignment to the defendant was made on the 31st of May, 1816. The note which was secured by it fell due on the 21st–24th January, 1817. Jerome Plummer died on the 31st of December, 1816. The assignment by Gerrard, the survivor, was made by a deed of trust duly executed, acknowledged, and recorded, dated the 8th of January, 1817. The tender of the 2,000 dollars by the plaintiffs to the defendant was on the 8th of February, 1817, before which day the other notes which had been discounted by the bank for the accommodation of the Plummers, to the amount of 5,500 dollars, had become payable and were unpaid. The charter was granted March 3d, 1817. By the 4th article of the association, it was declared that, "every stockholder may sell and transfer his stock in the said bank, or any part thereof, at his pleasure, not being less than one complete share or shares, the transfer being made in the bank books in the presence and with the approbation of the proprietor or his lawful attorney." The assignment to the plaintiffs was not made on the books of the bank, but was contained in a general deed of assignment of all the effects of the firm of Jerome & Gerrard Plummer. By the 11th section of the act of congress of the 3d of March, 1817 (3 Stat. 383), which incorporated the bank, it is enacted that the shares shall be transferable only on the books of the bank; but all debts actually due and payable to the bank (days of grace for payment being passed), by a stockholder requesting a transfer, must be satisfied before such transfer shall be made, until the president and directors shall direct to the contrary.

These facts being found by a special verdict, the case was argued by Mr. Taylor, for plaintiffs, and Mr. Swann, for defendant.

THE COURT at November term, 1820 (THRUSTON, Circuit Judge, absent), rendered judgment on the special verdict for the plaintiff, observing that the rights of all the parties were fixed before the charter, and that until the charter the bank had no general lien on the stock of individual stockholders.