Parker C. J.
said, in substance, that the Court were ol opinion, that a preliminary question of this kind might be heard by the Court in any county ; as in cases of applications for writs of certiorari and petitions for new trials We all recollect instances where it has been done in those cases ; some of which are reported in our books. In Commonwealth v. Union Ins. Co. in Newburyport, 5 Mass. R. 230, a rule was granted in Suffolk returnable in Essex, to show cause, why an information in the nature of a quo warranto should not issue. And it is convenient that the practice should be so, considering the infrequency of the terms of this Court in any one county. Where prompt justice is required, delay may thus be avoided. But we are of opinion that a mandamus in the present case could not be re turned here ; we should have to order the clerk of Hampden to issue the writ returnable at the court to be held in that county, which would not be till after the next election of a town clerk. In a case therefore where prompt justice is required, this should seem to be a failure of justice
After this opinion was delivered, the counsel went into an argument upon the question, whether the petitioner would derive any advantage from a mandamus; and if he would, whether he was regularly chosen town clerk, and so entitled to apply for such writ.
*427 On this last question the following extract from the town lecords was produced. “ At a legal meeting &c. on Monday, the first day of March, A. D. 1824 &c., the following persons were elected to office &c., viz. chose William Shepard moderator. At an adjourned meeting, March 2, 1824, chose Otis Taylor town clerk, and sworn. William Shepard, moderator. Attest, Otis Taylor, town clerk.” A witness also was called to prove that Taylor demanded of Henry the documents &c. belonging to the office of the town clerk.
Bates and Johnson. We say that Taylor was not chosen at a meeting held regularly by adjournment, and that it was not competent for a town clerk, chosen on the 2d day, to make any record of what was done before he was chosen. If we are at liberty to go behind this record, we can show that the meeting on the 1st day was not regularly holden.
Parker C. J. There seems to be a defect according to the records, a meeting being stated to have been holden on the 1st of March, and no adjournment of it oeing mentioned.
Bliss and Mills. There was a reguiar adjournment, and application was made to Henry to certify it. Taylor was legally chosen on the second day. He thought he had no right to enter on the records the adjournment of the preceding day. But the meeting on both days was only one meeting, and he may now certify the adjournment.
Wilde J. He may not have been present before he was chosen.
Bliss. The old clerk shall not take advantage of his own wrong in refusing to certify.
Wilde J.' It does not appear that it is his own wrong.
Bates. This record is objectionable in another respect, that the choice of a moderator on the first day is certified by Taylor.
Bliss and Mills. The original minutes were written by Henry, and were merely transcribed by Taylor into the book. The adjournment may be proved by parol evidence. In Bangs v. Snow, 1 Mass. R. 181, such evidence was admitted, to show that money was raised by a parish for a pur *428 pose not expressed in the parish records. Suppose a representarive should be chosen by a town and the town clerk should refuse to certify it, would not the house of representatives admit parol evidence of the fact ? The whole pro ceedings here are certified by the moderator, as well as by-Taylor.
Parker C. J., in giving the opinion of the Court, said in substance, that the petitioner, in order to obtain a mandamus.> must show that he was chosen town clerk. On the day preceding his supposed election there was a town meeting in Chester, and the proceedings of it are recorded by Taylor. But no adjournment of that meeting is recorded. We think that that fact must appear by the records. The record of the meeting on the 2d of March is merely that “at an adjourned meeting ” &c., without saying of what meeting it was an adjournment. It might have been of a meeting in February or any other time.
It is made a question, whether Taylor may not amend the record, so as to show that the meeting on the 2d of March was held by adjournment of the meeting of the day preceding. The objections to this are, that he was not town clerk on the first day, and that he had no control of the records and no official knowledge of what took place before his election. His record was made from the minutes of Henry, which contained no mention of an adjournment, so that they would not help him. It is said to be usual for the new clerk to record the proceedings of the meeting at which he is elected ; but if he may record the doings of a meeting the day before his election, it should seem that he might those of a meeting held six months before and continued by adjournment to the time of his election.
It is next contended, that parol evidence is admissible, but we do not find any case which authorizes the opinion that an adjournment may be proved by parol evidence. And it would be dangerous to admit such proof. Suppose a town to be very much divided ; it might be hard to decide, without polling, whether a meeting was adjourned or not, and we should have honest and intelligent men swearing to each side of the question. If a fact of this kind can be proved *429 0y parol evidence, it is difficult to see why the election of officers may not be proved in the same manner. This goes to the foundation of our system of civil society.[1]
We are obliged to come to the conclusion, that there is no proof of a legal meeting on the second day, and that the petitioner is not town clerk.
Mills. We offered to prove by the moderator the legal organization of the meeting.
Parker C. J. We considered of that, but he is no more than any other witness.
Petition dismissed.[2]

 Manning v. Fifth Parish in Gloucester, 6 Pick. 6; Hartwell v. Littleton, 13 Pick. 229.

 See Commonwealth v. Athearn, 3 Mass. R. 287, per Parsons C. J.