## The State *versus* Nathan Carr.

A copy of an act of a state legislature is duly authenticated by having the seal of the state affixed, without other proof.

The right of a corporation, to act as such, cannot be questioned collaterally, on the ground that it has not complied with all the requisitions of its charter.

A forged bill may be in imitation of the bills of a bank within the meaning of the 14th and 15th section of the statute of January 2, 1828, although the bank has never issued any bill for the same sum.

In an indictment for passing a counterfeit bill, it is only necessary to set out the material parts of the bill, and to allege that the bank is established at a place within the United States, without stating the county or state within which it is situated.

A bill may be proved to be counterfeit, by persons who know the signatures of the president and cashier of the bank, by having seen bills in circulation.

Proof that the bills of a banking corporation are in general circulation, is evidence that the corporation has been duly organized.

THIS was an indictment, in which it was alleged that Carr, on the 17th February, 1829, with force and arms, at Amherst, in said county of Hillsborough, feloniously and fraudulently, did utter, publish and pass in payment, as true, to one Perley Dodge, a certain false, forged and counterfeited bank note, falsely made, forged and counterfeited, in imitation of, and purporting to be, a bank note, issued by the president, directors, and company of the Mechanick's Bank, which said president, directors, and company of the Mechanick's Bank, aforesaid, then were, and for a long time before had been, and still are, a corporation, lawfully as a bank in New-Haven, said New-Haven being a place within the United States, which said false, and counterfeited bank note is as follows, that is to say:—

" The President, Directors, and Company of the Mechanick's Bank, promise to pay, on demand, twenty dollars to William Lee, or bearer.   New-Haven, Connecticut, Sept. 3d, 1828.

WM. W. BOARDMAN, Jr. *Cashier.*
NATHAN SMITH, *President.*"

With intent to injure and defraud the said Perley Dodge, he, the said Carr, at the time when he so uttered, published and passed in payment the said false, forged and counterfeited bank note, as aforesaid, then and there well knowing the same to be false, &c, contrary to the form of the statute, &c.

Carr was tried at September term, 1830. The attorney general produced a bill agreeing in every particular with that described in the indictment, except that the bill produced had the figures " 20" and "No. 877" upon it. He also produced a copy of the charter of the Mechanic's Bank, granted by the legislature of Connecticut, certified to be a true copy by the secretary of state, and having the seal of the state of Connecticut affixed thereto.

It was then proved, that Carr passed the bill which the attorney general produced, to Perley Dodge, and that there were bills of the said Mechanick's Bank in circulation, which were currently received by the community as money. It was also proved by the testimony of witnesses, who were acquainted with the signatures of the president and cashier of the said bank, by having seen many of the bills in circulation, that the bill produced was counterfeit.

But there was no other evidence adduced to show that the said corporation had been duly organized, nor did it appear, that the said bank had ever issued bills for the sum of twenty dollars.

There was a provision in the charter of the said corporation, that it should not go into operation until $50,-000 of the capital stock should be paid into the bank ; but no evidence was offered on the part of the state to prove, that any part of the capital stock was paid into the said bank at any time.

Carr having been convicted upon this evidence, his counsel, *C. H. Atherton* and *L. Woodbury,* moved for a new trial.

1st, Because a copy of the charter of the Mechanick's Bank was permitted to go in evidence to the jury, without any proof of the signature of the secretary of state, who certified it to be a true copy.

2d, Because no evidence was offered to prove that $50,000 dollars of the capital stock of the bank had been paid into the bank before it went into operation.

3d, Because it was not shown that the bank had ever been duly organized.

4th, Because it was not proved that the bank had ever issued bills for $20.

5th, Because the figures "20" and "No. 877," were not set out in the indictment, although they were upon the bill.

6th, Because the bill was not proved to be counterfeit by competent evidence.

They also moved in arrest of judgment, contending that the indictment was uncertain and insufficient, it not being alleged in what county and state New-Haven was.

*Sullivan*, attorney general, for the state.

RICHARDSON, C. J. delivered the opinion of the court.

It is contended, that there ought to be a new trial in this case, because the copy of the charter of the Mechanick's Bank, which was offered in evidence to the jury, was not properly authenticated.

A statute of the United States, passed May 26, 1790, enacts, that "the acts of the legislatures of the several states shall be authenticated by having the seal of their respective states affixed thereto." And it has been decided in the circuit court, for one of the circuits in the United States, that where the seal of the state is affixed to an exemplification of an act of the legislature, the attestation of a public officer is not required. 4 Dallas, 413, *The United States* v. *Johns*. And it seems, that a copy of a statute of a state, under the seal of such state, has the same authenticity under the statute of the United States

State
v.
Carr.

as an exemplification under the great seal has in England.    1 Starkie's Ev. 151—166 ; Hardres 118, *Olive* v. *Gwin* ; Peake's Ev. 22—27 ; 3 East, 221, *Henry* v. *Adey* ; 2 Starkie's cases, 7 ; Buller's N. P. 229 ; Gilbert's Ev. 12—19.

The seal of the state is of itself the highest test of authenticity.    But other modes of proof are not excluded on this ground.    Gil. Ev. 15, and it seems that the acts of states may be proved otherwise than by a copy under the seal of the state.    1 Starkie's Ev. 163, note 2.

In this case it was not disputed, that the seal of the state of Connecticut was affixed to the copy, and we are of opinion that the copy was properly admitted in evidence.

It is also urged, that there ought to be a new trial in this case, because it did not appear that $50,000 of the capital stock of the Mechanick's Bank had been paid into the bank, as required by the charter.    To sustain this ground we must decide, that although the corporation may have been organized, under the charter, and have had its bills in circulation for years, yet it is competent for us in this case, it not appearing that the members of the corporation have complied with one of the requisitions of the charter, to hold it not to be a corporation lawfully established as a bank within the meaning of the statute upon which this indictment is founded.    But we are of opinion, that the right to exercise corporate franchises cannot be thus collaterally called in question.    Indeed, it has been decided, that an information to sieze the franchises of a corporation, cannot be ordered on the motion of an individual.    5 Mass. Rep. 230, *Commonwealth* v. *The U. F. & M. Insurance Company* in Newburyport.

The state alone can prosecute such an information. And although a corporation may forfeit its charter by an abuse or neglect of its franchises, yet such forfeiture must be ascertained and declared by regular process and

judgment of law before its powers can be taken away or the corporation be considered as dissolved. 5 Johns. C. R. 366, *Slee* v. *Bloom* ; 4 Johns. C. R. 373 ; 6 Cowen 23, *The Trustees of Vernon Society* v. *Hills.*

And we hold, that in cases of this kind, it is enough to show that there was a charter under which the corporation was acting ; and that it was wholly immaterial whether the corporation had complied with the requisitions of the charter or not. That is a matter to be settled in a suit between the government, which created the corporation and the corporators, and not collaterally, in a prosecution by another state against a stranger to the corporation.

It is further insisted, that there was not competent evidence to show, that the corporation had been duly organized. But as a charter was produced, and it was shown that bills of the corporation had been in circulation, and currently received as money for several years, the jury were well warranted in finding, upon this evidence, that the corporation had been duly organized.

Another objection is, that it was not shown that the bank had ever issued bills for the sum of twenty dollars, like that described in the indictment. This objection is well founded in fact, but the question is, whether it was necessary, in order to sustain the indictment, to show that the bank had issued such bills ? To settle this question we must examine the statute. In the 14th section of the statute of January 2, 1828, 1 Laws, 138, it is enacted, "that if any person shall falsely make, forge, or counterfeit—any bank bill or note, in imitation of, or purporting to be, a bank bill or note, which has been, or may hereafter be issued by any corporation, which is, or may hereafter be lawfully established as a bank, in this state or in any place within the United States—such person, so offending, shall be punished, &c."

In the 15th section of the same statute it is enacted, "that if any person shall utter, publish, pass or tender

in payment as true—any such false, forged, counterfeited—bank bill or note, knowing the same to be false, &c. such person so offending shall be punished, &c."

Now, admitting that in order to sustain the indictment, it was necessary to show that the forged bill was in imitation of bills which had been issued by the bank, the question then arises, how far the imitation must go to bring the forged bill within the statute.

Upon this question, common sense must at once pronounce that the imitation need not be perfect. If the imitation must agree with the true bills in every particular, those who forge bills may, by very slight deviations, evade the statute without any injury to the circulation of their false paper. The true rule is, that if the imitation be so exact as to be sufficient to impose upon persons of ordinary observation, and the instrument be *prima facie* fitted to pass as a true one, the imitation is to be considered as within the meaning of the statute. 2 Starkie's Ev. 579 ; East's C. L. 952 ; 1 Leach, C. L. 213.

In this case it is not pretended that the forged bill was not in imitation of bills which had been issued by the Mechanick's Bank with respect to the form of the contract, the signatures of the president and cashier and the paper upon which it was forged. And although the bank may never have issued bills for the sum of twenty dollars, yet still the forged bill may have been in imitation of bills which had been issued by the bank so far as to be calculated to deceive persons of ordinary observation. It was a question for the jury, whether the counterfeit bill in this case was a counterfeit of the kind of instrument, the passing of which was charged in the indictment. And we think that they have decided it correctly.

Another ground, on which a new trial is claimed in this case, is, that there is a variance between the bill described in the indictment, and the bill proved to have been passed by Carr. The variance upon which coun-

sel rely is the omission in the indictment of the figures " 20," and " No. 877," which appear upon the bill.

This ground is] clearly not tenable. It is clear that the figures omitted in the indictment are no essential part of the bill. 2 Mass. Rep. 397, *Comw.* v. *Ward* ; 2 Binney, 332, *Comw.* v. *Searle* ; 1 Mass. Rep. 62 and 203.

One other objection to the conviction is, that the forgery was not proved by competent evidence. But we entertain no doubt that the testimony of witnesses who are acquainted with the signatures of the president and cashier of a bank, from having seen bills of the bank in circulation, is competent to be submitted to a jury, to prove that a bill which purports to be a bill of such a bank, is a forgery. 2 Pick. 47, *Comw.* v. *Carey.*

A motion has been made in arrest of judgment in this case, on the ground that the indictment is insufficient, it not being averred in what state and county New-Haven is, where the bank is alleged to have been established. But it is averred in the indictment, in the language of the statute, that New-Haven is a " place within the United States," and no reason has been suggested, nor has any occurred to us, why this should not be adjudged sufficient.

We are, therefore, of opinion, that the conviction is right, and the indictment sufficient.