### IN THE

## SUPERIOR COURT OF JUDICATURE,

### FOR THE

## COUNTY OF HILLSBOROUGH,

### DECEMBER TERM, A. D. 1833.

---

## DUNLAP *versus* WALDO.

The certificate of a county clerk, in New York, under the seal of the county, is *competent evidence to* show that an individual, who had acted as a magistrate, in taking a deposition, in that State, was in fact a justice of the peace.

The seal of the county is a sufficient authentication of such certificate, and public credit is to be given to such seal, without extrinsic proof of its genuineness, unless the circumstances of the case raise a doubt whether the seal offered in evidence, is the true seal.

TRESPASS. Upon the trial, at the court of common pleas, September term, 1833, the plaintiff, to prove that the goods in question were his property, offered in evidence a deposition, purporting to have been taken in Madison county, in the State of New York, before Stephen Chapman, a justice of the peace, to the admission of which the defendant objected, alleging that there was

no sufficient evidence that Chapman, before whom it was taken, was a justice.

To show this fact, the plaintiff offered a certificate, purporting to be signed by the clerk of said Madison county, and to have the seal of the county affixed to it, that Chapman was, at the time of taking said deposition, one of the justices of the peace for said county, duly elected, and qualified, and that the clerk was acquainted with his hand writing, and believed the signature to the caption to be his proper hand writing and signature.

The court admitted the deposition, and, a verdict having been returned for the plaintiff, the defendant moved for a new trial.

*Gove*, for the plaintiff.

*B. M. Farley*, for the defendant.

PARKER J. By the constitution and laws of this State, justices of the peace are to be appointed by the governor and council. The records of such appointments are kept in the office of the secretary of state, and the certificates that they have taken the requisite oaths are to be returned and filed there.

The certificate of the secretary, under the seal of the State, that an individual had been duly appointed a justice would here be the proper evidence of that fact, as the records which show the appointment are in his custody.

In the State of New York it is different. Justices of the peace are there elected, and the clerk of the meeting, at which an election shall have been had, is required to transmit to the clerk of his county a certificate of the result of such election, which is made evidence of the fact therein certified. 3 N. Y. Laws, 203.

And the oaths of justices there are to be taken before the clerk of the county for which they have been appointed, and filed in the clerk's office. 1 N. Y. Revised statutes, 119, 120.

Dunlap
v.
Waldo.

The evidence of the due appointment of a justice, and that he has taken the oaths, is, of course, in that State, found in the office of the county clerk, and he is a proper certifying officer to these facts.

By a farther provision in the New York statutes, it is made the duty of the county clerk to transmit to the secretary of state a list of the names of the persons declared to be elected justices of the peace. 1 Revised statutes, 142. We are not aware, however, of any provision requiring evidence to be filed with the secretary, that the individuals, named in the list, have taken the proper oaths, and whether his certificate would be sufficient need not now be settled.

In holding that the certificate of the county clerk is competent evidence of such appointment, we do not mean to be understood that other evidence is to be excluded. Evidence that the individual is an acting magistrate has uniformly been held to be sufficient, *prima facie*, for such purpose.

An objection has been taken that there is no evidence in this case that the signature to the certificate is the genuine signature of the clerk, or that the seal affixed is the seal of Madison county.

In 1 Phil. Ev. [308,] it is said, " the seal of the king, and of the public courts of justice, and of all courts established here by act of parliament, are admitted in evidence without extrinsic proof of their genuineness, as, for example, the seal of the county palatine of Chester, or of the great sessions of Wales, or the seal of the ecclesiastical court on an exemplification of a will. But the seals of private courts, or of a foreign colonial court, or of a corporate body, ought to be proved by a witness acquainted with their impression."

And it is stated in 1 Stark. Ev. 152, that " the seals of the king's courts of justice are of public credit and are part of the constitution of the courts, and supposed to be known to all."

In 3 Johns. Rep. 314, *Delafield* v. *Hand*, Yates J. says, " it is undoubtedly a general rule that every country recognizes the seals of its own tribunals, without any farther proof accompanying them."

So the seal of a State is of itself evidence. 2 Cranch, 188, 238, *Church* v. *Hubbart*; 4 Dall. 416, *United States* v. *Johns*; 2 Conn. Rep. 85, *Griswold* v. *Pitcairn*; 1 Phil. Ev. 301, [319,] [307.] notes; 6 Wendell, 484, *Lincoln* v. *Battelle*.

And the seal of a court of admiralty, such court not being regarded as a foreign municipal court. 3 Conn. 181 *Thompson* v. *Stewart*.

The courts of a sister state are not private courts, nor under the constitution and laws of the United States, can they be regarded as foreign courts. 7 Cranch, 481, *Mills* v. *Duryee*; 3 Wheat. 234, *Hampton* v. *McConnel*; 9 Mass. 462, *Bissell* v. *Briggs*; 19 Johns. 162, *Andrews* v. *Montgomery*.

And while, under those laws, we should give faith and credit to the judgments of the courts of New York, in the county of Madison, we see no reason why the same public credit should not be given to the seal by which their judgments are authenticated, as is given in England to the seals of their courts; and as there is nothing to lead to a supposition that this is not the true seal, it is a sufficient authentication of the signature and certificate. 5 N. H. Rep. 367, *State* v. *Carr*; 2 Conn. Rep. 91.

To the due authentication of a record, under the statute of the United States, there should be a certificate of the chief or presiding justice, that the attestation of the clerk is in due form. 1 Johns. Cas. 238, *Smith* v. *Blagge*; 1 Stark. Ev. 154, note. But as the provision of the statute does not extend to a certificate of this character, we do not hold it to be necessary in a matter like the present. 2 Johns. Cas. 119, *Pepoon* v. *Jenkins*; 2 Cranch, 238—9.

The exception therefore was properly overruled.

*Judgment on the verdict.*