The State v. The Paterson and Hamburg Turnpike Company.

---

## THE STATE v. THE PATERSON AND HAMBURG TURNPIKE COMPANY.

1. Application in behalf of relators for leave to file an information in the nature of a *quo warranto* against a corporation (turnpike company) for an alleged violation of its charter:—*Held*, that such application is not within the statute (*Rev. L.* 206), and that the court has no authority to direct such information.

2. Such proceeding to dissolve a corporation can only be instituted by the Attorney General on the part of the State, either merely *ex officio*, or under special direction from the proper authority.

Application for leave to file an information in the nature of a *quo warranto* in the name of the Attorney General, against the company on the relation of Sydney Ford and others, for an alleged violation of its charter and for the purpose of seizing its privileges into the hands of the State. A rule to shew cause had been granted at the previous term, which now came on to be heard, before WHITEHEAD, CARPENTER and RANDOLPH, J. J.

The Company, incorporated 3d of March, 1806, was authorized to make a turnpike road from the town of Paterson to Hamburg in the County of Sussex. The charter prescribed the mode in which the road should be built, the grade, width of bridges, &c. and authorized the company to take toll after commissioners to be appointed by the Governor should report, that the road, or certain portions of it, had been duly completed. A subsequent act (26th Nov. 1806), modified the mode of forming the road over some of the more difficult parts of the route. Much feeling having been excited against the company for its alleged fail-

ure properly to erect and maintain the road, it resulted in this proceeding. Many affidavits taken under the rule were read to prove the alleged dilapidated and neglected state of the road; that it had not been built, or if built not maintained according to the mode, and in the condition prescribed by the charter. It was urged by the counsel of the relators, that it was a continuing duty, and that the charter was granted not only on the condition of making, but of maintaining this road. *Barkalow* and *W. Pennington* for the relators, cited *Rev. L.* 206; 23 *Wend.* 194; 23 *Ib.* 222.

*P. D. Vroom*, contra, cited *R.* v. *Passmore*, 3 *T. R.* 244; *Angell and Ames* 611, 664 (2d *Ed.*); 5 *Mass.* 230; 4 *Cow.* 100 *n;* 2 *Green* 84; 1 *T. R.* 2; 2 *John.* 184.

CARPENTER, J. delivered the opinion of the court.

This is a private application in behalf of relators, and not a proceeding instituted by the Attorney General. Private individuals ask the permission of the court to use the name of the State and the process of the law. If the Attorney General on behalf of the State was about to institute this proceeding, he need not ask the permission of this court for that purpose. The institution of proceedings of this character at the instance of relators, under the leave of the court, is authorized by statute, and only by statute. No instance, said Lord Mansfield, in *R.* v. *Marsden* (1 *W. Bl.* 580), has been produced of informations in nature of *quo warranto* before the statute of 9 *Anne*, unless filed by the Attorney General. The courts at common law and in cases not within the statute, have no authority to direct such information and leave the matter to the discretion of the Attorney General. *Ibbotson's Case*, cas. temp. *Hardw.* 261; *Sir Wm. Lowther's Case*, 2 *Lord Raym.* 1409.

Our act (*Rev. L.* 206) is copied substantially from the statute of 9 *Anne* c. 20. The English statute provides for the case when any persons shall usurp &c. any *corporate* office or franchise; the language of our statute is more extensive, and applies to the intrusion into, or unlawful holding of any office or franchise within this state. In regard to the present question, we apprehend the same construction applies to both statutes. An information for the purpose of dissolving a corporation, or

seizing its franchises, cannot be prosecuted in the name of the State, at the relation of private persons, though leave be asked of the Court. Such proceeding can be instituted only by the Attorney General on the part of the State, either merely *ex officio*, or under special direction from the proper authority. The statute of 9 *Anne* extends only to individuals usurping offices or franchises in a corporation, and not to the corporation as a body. *Com.* v. *Union Ins. Co.* 5 *Mass.* 230 ; *Com.* v. *Fowler*, 10 *Ib.* 295 ; *R.* v. *Curmarthen*, 2 *Bur.* 869, 1 *W. Bl.* 187 ; *R.* v. *Ogden* 10 *B. and C.* 230 ; *R.* v. *White* 5 *Ad. & Ell.* 613 ; *Bac. Abr. tit. "Information." (D.)*

This distinction is well settled, and is a safe and proper rule. The State, said C. J. Parsons in a case cited, may waive any breaches of any condition express or implied, on which the corporation was created ; and the court cannot (or ought not) to give judgment for the seizin of the franchises of any corporation unless the State itself be a party in interest in the suit, and thus assents to the judgment.

An examination of the affidavits produced is unnecessary, as this rule is not moved for by the authority of the State.

WHITEHEAD, J. concurred.

RANDOLPH, J. Two objections are urged by the defendants against this motion : 1, That a *quo warranto* is not the proper remedy to determine a question of forfeiture ; 2, that the proceedings should be at the instance of the Attorney General for the State, and not on the mere relation of individuals.

The complaint against the defendants is that they have not constructed their road and the bridges thereon, according to the requirements of the charter, or kept the same in proper repair, and that the gates are illegally placed on the road. For injuries arising to individuals from these causes, the charter has provided penalties, and the defendants may be liable in damages ; and the company are also subject to be prosecuted by indictment, for wrongs which affect the public—but it is insisted that the defendants are liable to forfeiture of their franchise, and that a *quo warranto* will lie against them, upon the relation of individuals. In *Rex* v. *Passmore*, 3 *T. R.* 244, Ashhurst, J. thus broadly lays down the doctrine : " A *scire facias* is the proper mode of proceeding against a legally existing body, for an abuse of power,

or where delinquency is imputed to them. But a *quo warranto*, when there is a body *de facto*, but from some defect in their constitution, they cannot legally exercise the power they affect to use." So, a *quo warranto* is in the nature of a writ of right for the king, against him who usurps or claims a franchise or liberty to say by what authority he claims it. 2 *Inst.* 282. The defendants are a legally constituted body, and the complaint against them is not for a usurpation of a franchise, but for not exercising one in a proper manner, and the appropriate and usual remedy would be by *scire facias* for a forfeiture, or by indictment for the nuisance. But, in addition to these remedies, a *quo warranto* is sometimes resorted to, in order to obtain a judgment of forfeiture. Thus Blackstone says it is the appropriate remedy, where a corporation has forfeited their franchise by illegal proceeding—1 *Com.* 48 5—and is said to lie, as well as a *scire facias*, against a legally existing corporation for an abuse of its franchises—*Angell & Ames on Corp.* 611–12— and there are in the New York Reports many cases to that effect. 6 *Cowen* 196, do. 217, do. 211. See *A.* and *A. on Corp.* 611–2, and the cases there referred to. But these cases are all by the Attorney General for the State, and not at the instance of individuals—and in *Rex* v. *Corporation of Carmarthen*, 2 *Burr.* 869, the court say very distinctly that " there was no instance of an information in the nature of a *quo warranto* being brought against any corporation, as a corporation, for an usurpation upon the crown, but by and in the name of the Attorney General, on behalf of the crown." To the same effect is the opinion of Parsons, C. J. in *The Commonwealth* v. *The Union Ins. Co.* 5 *Mass.* 232. In New York they have a statute which enables individuals to use this writ by leave of the court; hence the cases in 23 *Wendell*, cited for the applicants in this case. See pages 204 and 232. Our statute *Rev. Laws* 206, like that of 9 *Anne, ch.* 20, only applies to individuals who usurp or intrude into a franchise or an office. 2 *Green* 84, *State* v. *Utter;* 3 *Bacon's Abridgment* 641 ; *Tit. Informations* do. ; *Ibid.* 644. See also, 4 *Cowen* 109 *note.* The law does not contemplate the use of this writ by individuals to redress the wrongs of the State. I think the rule should be discharged.

Rule discharged.

CITED *in State* v. *Brown*, 2 *Vr.* 358.