**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3895-23

ERIN KELLY, JAMES BROWN,
and RUTGERS COUNCIL OF
AAUP CHAPTERS, AMERICAN
ASSOCIATION OF UNIVERSITY
PROFESSORS-AMERICAN
FEDERATION OF TEACHERS,
AFL-CIO,

     Plaintiffs-Respondents,

v.

WILLIAM M. TAMBUSSI,

     Defendant,

and

HEATHER C. TAYLOR, f/k/a
HEATHER C. MASON, and
RUTGERS, THE STATE
UNIVERSITY OF NEW JERSEY,

     Defendants-Appellants.

_____

Argued December 10, 2024 – Decided January 17, 2025

Before Judges Gilson, Firko, and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-0624-24.

Peter G. Verniero and Michael S. Carucci argued the cause for appellants (Sills Cummis & Gross, PC, attorneys; Peter G. Verniero and Michael S. Carucci, of counsel and on the briefs).

Flavio L. Komuves argued the cause for respondents (Weissman & Mintz, LLC, attorneys; Flavio L. Komuves and Patricia A. Villanueva, of counsel and on the brief).

PER CURIAM

Defendants Heather C. Taylor and Rutgers, The State University of New Jersey (Rutgers or the University) appeal from a June 27, 2024 order that disqualified Taylor from continuing her service on the Rutgers Board of Governors (the BOG or Rutgers BOG) because she had moved out of Middlesex County. Taylor had moved from Middlesex County to Monmouth County in October 2020. Plaintiffs filed their action to disqualify Taylor from continued service on the BOG in January 2024. Because plaintiffs' action was filed more than three years beyond the governing forty-five-day limitations period, and because the interests of justice weigh against relaxing the limitations period, we hold that the action was time-barred. Accordingly, we vacate the order disqualifying Taylor from serving on the Rutgers BOG.

I.

Rutgers is a public research university, which educates more than 67,000 students and employs more than 27,000 individuals. See Rutgers, By the Numbers, Rutgers, The State Univ. of N.J., https://www.rutgers.edu/about/by-the-numbers (last visited Jan. 6, 2025). The University has three main campuses in (1) New Brunswick, Middlesex County; (2) Newark, Essex County; and (3) Camden, Camden County. Rutgers' budget for the 2023-2024 fiscal year was approximately $5.4 billion, of which approximately $1.1 billion came from State appropriations and payments.

Rutgers was founded in 1766, as a private institution governed by a board of trustees (the Trustees). In 1945, Rutgers was designated as the New Jersey State University, and in 1956 it became an instrumentality of the State. See N.J.S.A. 18A:64M-2; N.J.S.A. 18A:65-2.

Rutgers is, however, more than an instrumentality of the State. See N.J.S.A. 18A:65-2. Rutgers has evolved from a private institution to a "body corporate and politic" based on a contract between the State and Rutgers. See N.J.S.A. 18A:65-2; N.J.S.A. 18A:64M-2(a), (b), (c). Accordingly, the Trustees "retain[] the power to manage and invest certain pre-1956 private assets or private gifts and maintain[] an advisory role at the school in support of the

A-3895-23

University."  N.J.S.A. 18A:64M-2(b); see Rutgers, The State Univ. v. Piluso, 60 N.J. 142, 154-56 (1972) (outlining the creation of the Rutgers BOG and how powers are divided between the BOG and the Trustees).

The current governance of Rutgers is set forth in the Rutgers Act, N.J.S.A. 18A:65-1 to -103.  The Act established the BOG, N.J.S.A. 18A:65-12, 18A:65-14, and tasked it with the "general supervision over [investments and] . . . with the conduct of the university," N.J.S.A. 18A:65-25.  The responsibilities of the BOG include determining the "organization, administration and development of the [U]niversity," and overseeing the University's properties and assets, including the spending of monies directed to Rutgers by the State.  Ibid.

The BOG consists of sixteen members:  the Rutgers' president, as an ex officio non-voting member, and fifteen voting members.  N.J.S.A. 18A:65-14(a), (b).  Eight of the members of the BOG are appointed by the Governor, seven with the advice and consent of the Senate, and one on the recommendation of the President of the Senate and Speaker of the General Assembly.  N.J.S.A. 18A:65-14(b).  Seven of the BOG members are appointed by the Trustees, from among their members.  Ibid.

Four of the fifteen appointed BOG members must be residents of Camden, Essex, and Middlesex counties.  Ibid.  In that regard, the Rutgers Act states that

one of the members of the BOG appointed by the Governor is to be a resident of Camden County and another is to be a resident of Essex County. N.J.S.A. 18A:65-14(b)(i). The Trustees are to appoint one member who "shall be a resident of Essex County and one of whom shall be a resident of Middlesex County." N.J.S.A. 18A:65-14(b)(ii).

Taylor served as a trustee of Rutgers from 2009 until December 2016, when the Trustees appointed her to be a BOG member to fill a remaining term that ended in June 2019. In 2019, the Trustees reappointed Taylor as a member of the BOG for a six-year term that ends on June 30, 2025.

Taylor lived in Middlesex County from 1970 until 2020. Accordingly, at the time that she was initially and subsequently appointed as a member of the BOG, Taylor was a resident of Middlesex County and was the BOG member from Middlesex County. In October 2020, Taylor moved from Middlesex County to Monmouth County.

On January 30, 2024, plaintiffs filed a verified complaint against Taylor, William M. Tambussi, and Rutgers, as an action in lieu of prerogative writs and moved to proceed summarily. Plaintiffs are Erin Kelly and James Brown, two Rutgers professors, and the Rutgers Council of AAUP Chapters, American Association of University Professors-American Federation of Teachers, AFL-

A-3895-23

CIO, the union that represents the faculty, teaching assistants, and graduate assistants employed by Rutgers.

In their complaint, plaintiffs sought to remove Taylor as a BOG member because she no longer resided in Middlesex County. Plaintiffs alleged that Taylor was in violation of the Rutgers Act and that she should be removed under N.J.S.A. 2A:66-6, the quo warranto statute. The quo warranto statute allows for the removal of "any person for usurping, intruding into or unlawfully holding or executing any office or franchise in this state." N.J.S.A. 2A:66-6, 2A:66-7. Plaintiffs also sought to remove Tambussi because he no longer resided in Camden County.

The trial court granted plaintiffs' motion to proceed summarily. Thereafter, on June 27, 2024, the trial court heard oral argument and issued an oral decision and written order directing that Taylor was to be immediately disqualified from further service on Rutgers BOG. Tambussi was also removed by the trial court, but he has not appealed because his term as a BOG member expired on June 30, 2024. The trial court also ruled that its order would have no "retroactive impact on any action previously taken" by the BOG or by Taylor or Tambussi in their capacities as members of the BOG. Additionally, the trial court denied Taylor's and Rutgers' application for a stay pending appeal.

A-3895-23

In its oral decision, the trial court made three determinations based on the papers and without an evidentiary hearing. First, the court enlarged the limitations period for an action in lieu of prerogative writs, reasoning that plaintiffs' complaint involved a matter of important public interest. Second, the court held that Rutgers BOG members held offices within the meaning of the quo warranto statute and, therefore, they could be removed under that statute. Finally, the court concluded that the residency requirement for the four BOG members appointed under N.J.S.A. 18A:65-14(b) was continuous and had to be maintained for the entire term of those members. In other words, the court rejected the concept that those BOG members had to be residents just at the time of their appointment, when they assumed service on the BOG, and when they were reappointed.

Taylor and Rutgers appeal from the June 27, 2024 order. We denied their motion for a stay pending appeal but granted their motion to accelerate the appeal.

II.

On appeal, Taylor and Rutgers make three main arguments. First, they contend that plaintiffs' action was time-barred because it was not brought within forty-five days of Taylor's move from Middlesex County. Second, they contend

7

that Rutgers BOG members, who serve voluntarily and without compensation, are not officers within the meaning of the quo warranto statute and therefore those members cannot be removed under that statute. Finally, they argue that the residency requirement in the Rutgers Act applies only at the time of the appointment of the BOG member and is not a continuing obligation during the entire term of the membership. In connection with the third argument, they contend that the Rutgers Act is contractual in nature and that Rutgers never agreed to have BOG members maintain residency during their entire terms.

We hold that plaintiffs' action was time-barred. We also hold that there are special considerations that mitigate against enlarging the limitations period. In other words, while we recognize that there is a legitimate issue of public importance that plaintiffs seek to raise, there are other considerations concerning the appropriate interpretation of the Rutgers Act that mitigate against enlarging the limitations period in this action.

A.    The Governing Limitations Period.

Plaintiffs filed their complaint as an action in lieu of prerogative writs. Rule 4:69-6(a) states that an action in lieu of prerogative writs must be filed within forty-five days from when the cause of action accrued. Determining whether a cause of action is barred by a limitations period is a question of law

A-3895-23

that we review de novo. Henry v. N.J. Dep't of Hum. Servs., 204 N.J. 320, 330 (2010); McDade v. Siazon, 208 N.J. 463, 473-75 (2011); Jersey City United Against the New Ward Map v. Jersey City Ward Comm'n, 478 N.J. Super. 132, 144-45 (App. Div. 2024); Worthy v. Kennedy Health Sys., 446 N.J. Super. 71, 86-87 (App. Div. 2016).

In their complaint, plaintiffs alleged that Taylor had been unlawfully holding her position ever since she moved out of Middlesex County. It is undisputed that Taylor moved out of Middlesex County in October 2020. While plaintiffs suggest that they only learned of Taylor's move in 2022, there is nothing in the record to show that plaintiffs could not and should not have learned of Taylor's move in 2020. Moreover, even if plaintiffs learned of the move in 2022, they still delayed in bringing an action for well-over a year because they filed their complaint on January 30, 2024.

In reaching our holding, we also reject plaintiffs' argument that Taylor's move out of Middlesex County was a continuing violation that should allow them to bring an action in January 2024. To accept that argument would be to effectively eliminate the limitations period called for in Rule 4:69-6. Rule 4:69-6(a) states that an action in lieu of prerogative writs shall be filed no "later than [forty-five] days after the accrual of the right to the . . . relief claimed." Plaintiffs

A-3895-23

seek the relief of removing Taylor and disqualifying her from further service as a BOG member. That right accrued, to the extent that it exists, when Taylor moved out of Middlesex County in October 2020. We conclude that plaintiffs have not established that they have a continuing right to object to Taylor's service as a BOG member. In that regard, we note that plaintiffs did not object to the trial court's ruling that the disqualification of Taylor was not retroactive and did not impact any of the actions she had taken while serving as a BOG member, despite no longer living in Middlesex County.

A court may enlarge the limitations period under Rule 4:69-6 "where it is manifest that the interest of justice so requires." R. 4:69-6(c). "[O]ne of the well-recognized exceptions warranting relief from the [] limitations [period for actions in lieu of prerogative writs] is based on consideration of public rather than private interests." Save Camden Pub. Schs. v. Camden City Bd. of Educ., 454 N.J. Super. 478, 489 (App. Div. 2018) (alterations in original) (quoting Reilly v. Brice, 109 N.J. 555, 558 (1988)) (internal quotation marks omitted). See Jersey City United, 478 N.J. Super. at 145-46. Courts have granted substantial enlargement of time when a case involves a matter of special public interest. See Mullen v. Ippolito Corp., 428 N.J. Super. 85, 106 (App. Div. 2012) (allowing an action in lieu of prerogative writs to proceed despite a multi-year

delay because the issue involved a matter of "important public interest"); Willoughby v. Plan. Bd. of Twp. of Deptford, 306 N.J. Super. 266, 276-77 (App. Div. 1997).

We acknowledge that the question of whether a Rutgers BOG member can maintain his or her position despite an alleged violation of the Rutgers Act is a question of important public interest. Nevertheless, given the record in this matter, we conclude that the interests of justice do not support enlarging the limitations period. The mitigating factors that compel our conclusion include three related considerations involving the Rutgers Act.

First, we have serious concerns regarding plaintiffs' standing and public interest in pursuing this action. Plaintiffs have made no showing that Taylor's continued service on the Rutgers BOG adversely impacts their interests or the public's interests. As already noted, plaintiffs are two Rutgers professors and the union representing Rutgers faculty members, teaching assistants, and graduate assistants. Those plaintiffs may have interests that do not necessarily align with the public's interests. We believe that the record should have been developed to disclose plaintiffs' interests. We make this point because it goes to an argument made by Rutgers.

11

Rutgers correctly points out that the University's status is unique. While the University is an instrumentality of the State, the Rutgers Act gives the University a fair amount of autonomy and does not treat the University like a governmental entity or agency. N.J.S.A. 18A:65-14(b) (allowing the Governor and the Trustees to appoint members to the BOG); see also N.J.S.A. 18A:65-2 (describing Rutgers as a "body corporate and politic"); N.J.S.A. 18A:64M-2(n) (outlining that the State and Rutgers work in conjunction to advance educational goals of the State).

Rutgers also points out that the Rutgers Act grew out of a contract between Rutgers and the State. Consequently, in determining whether a Rutgers BOG member holds an "office" within the meaning of the quo warranto statute, N.J.S.A. 2A:66-6, there should be careful consideration of the interests of the person or persons moving to remove the BOG member, see N.J.S.A. 2A:66-1.

The quo warranto statute is based on an old English practice under which the King of England or someone representing the King could inquire by what authority a person held an office. State v. Paterson & Hamburg Tpk. Co., 21 N.J.L. 9, 10-11 (1847) (explaining that the New Jersey quo warranto statute draws from the old English practice of allowing claims to be brought when there is "intrusion into, or unlawful holding of any office or franchise within [the]

12

state").  See In re Application of LiVolsi, 85 N.J. 576, 594 n.18 (1981) ("Quo warranto was used only for challenging the right of an individual to hold a public office." (citing N.J. State Lodge-Fraternal Ord. of Police v. Aaron, 39 N.J. Super. 423, 427 (App. Div. 1956))); Black's Law Dictionary 1510 (12th ed. 2024) (defining "quo warranto").  Moreover, in the common law, during the pre-statutory period, the quo warranto remedy generally belonged to the State to protect the interests of the people as a whole and guard against certain persons from exercising an authority that they did not lawfully possess.  See Pet. of Collins-Doan Co., 3 N.J. 382, 393 (1949) (outlining that quo warranto power originally belonged to the "Crown," allowing it to dissolve corporations for abuse or neglect); Wilentz ex rel. Golat v. Stanger, 129 N.J.L. 606, 607 (1943) (adjudicating appeal of writ of quo warranto brought by the State, to "oust . . . [a] member of the state senate").

Given the undeveloped record in this matter, we do not think it prudent to interpret whether the quo warranto statute applies to a Rutgers BOG member. In that regard, we note that BOG members are volunteers and serve without pay. Indeed, they are expressly prohibited from being employed by or receiving compensation from Rutgers.  See N.J.S.A. 18A:65-17, 18A:65-20.  See also

Kratovil v. Angelson, 473 N.J. Super. 484, 511 (Law Div. 2020) ("Thus, the plain, ordinary meaning of 'employment' does not include unpaid volunteers.").

The second consideration that mitigates against enlarging the limitations period, is the absence of the State taking a position in this matter. The State, and particularly the Governor, have the clearest public interest in maintaining the proper governance of Rutgers and the enforcement of the Rutgers Act. The Governor, however, is not a party to this action. We make this point because if there was a serious concern about Taylor continuing in her service as a BOG member, it is primarily the responsibility of the Governor to take appropriate action. N.J.S.A. 18A:65-14(b)(i) (outlining appointments made to the BOG by the Governor); N.J.S.A. 18A:65-19 (stating that the Governor must review and confirm removal of any member of the BOG that he or she appointed).[1]

The third consideration mitigating against enlarging the limitations period is the lack of precedent in this area. The parties concede that there is no clear precedent on whether a Rutgers BOG member can be removed because they have moved out of a particular county. In that regard, no court has addressed

---

[1] In making this point, we have not relied on a news report, submitted in the appendix, concerning a statement made by the Governor's Office in response to a question as to the Governor's position on whether Taylor should be removed from the BOG. Instead, we take judicial notice of the Governor's interest in this issue. See N.J.R.E. 201.

the question of whether a Rutgers BOG member, who was appointed to fill one of the seats with a county-residency requirement, needs to remain a resident of that county for the entire period of their service on the BOG.

We have addressed the Governor's authority to appoint a particular BOG member without the recommendation of the Senate President and Speaker of the General Assembly. See In re Christie's Appointment of Perez, 436 N.J. Super. 575, 579, 583 (App. Div. 2014). In Christie's Appointment of Perez, we held that Governor Christie's appointment of Perez to the BOG without the recommendation of the Senate President and Speaker of the Assembly was a lawful exercise of the Governor's authority under N.J.S.A. 18A:65-14. Id. at 593.

The Law Division has also addressed the question of whether a private citizen could bring an action to remove members of the Rutgers BOG because they were not New Jersey citizens and were, therefore, allegedly holding their positions in violation of the New Jersey First Act, N.J.S.A. 52:14-7. Kratovil, 473 N.J. Super. at 494. In Kratovil, the Law Division held that Rutgers BOG members were not subject to the residency requirements of the New Jersey First Act. Id. at 536.

Both Christie's Appointment of Perez and Kratovil teach that the Rutgers Act is a unique statute and should be carefully applied to well-developed facts. Here, the facts were not well-developed and, therefore, the lack of precedent mitigates against enlarging the limitations period.

## III.

In summary, having considered the issues presented on this appeal, we hold that plaintiffs' action was time-barred and that proper considerations of the interests of justices, including the public's interests, mitigate against enlarging the limitations period. Accordingly, we vacate the June 27, 2024 order disqualifying Taylor from further service on the Rutgers BOG. We direct that Taylor be permitted to immediately resume her service as a BOG member through the end of her current term, which expires on June 30, 2025. We therefore remand this matter, directing the trial court to enter an order dismissing plaintiffs' complaint with prejudice.

Reversed, vacated, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3895-23